UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE SMITH,

    Movant,

v.

                                       File No. 1:12-CV-581

                                       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION**

This matter is before the Court on Movant Michelle Smith's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her (ECF No. 1). For the reasons that follow, the motion will be transferred to the Sixth Circuit Court of Appeals as a second or successive motion under § 2255.

## I.

On September 5, 2007, Movant was indicted on one count of conspiracy to distribute cocaine base. (Indictment, No. 1:07-CR-210, ECF No. 1.) On December 12, 2007, Movant pleaded guilty to the only count in the indictment. (Tr. of Plea 4–5, No. 1:07-CR-210, ECF No. 31.) On April 10, 2008, Movant was sentenced to 204 months imprisonment. (Mins. of Sentencing, No. 1:07-CR-210, ECF No. 26.) On April 14, 2008, Movant filed a notice of appeal. (Notice of Appeal, No. 1:07-CR-210, ECF No. 30.) On October 29, 2009, the Court of Appeals affirmed the sentence, rejecting both of Movant's arguments: (1) that the sentence was procedurally unreasonable; and (2) that the sentence was substantively unreasonable. *United States v. Smith*, 350 F. App'x 54, 56, 58–59 (6th Cir. 2009). On March 22, 2010, the Supreme Court of the United States denied Movant's petition

for certiorari. *United States v. Smith*, 130 S.Ct. 1908 (2010). Movant filed a § 2255 motion and on December 8, 2011, the Court dismissed the motion for not being timely filed. *United States v. Smith*, No. 1:11-CV-1055, 2011 WL 6130421, at *2 (W.D. Mich. Dec. 8, 2011) (Bell, J.). Movant filed a second § 2255 motion claiming relief based on a right she asserts was initially recognized by the Supreme Court in *DePierre v. United States*, 131 S.Ct. 2225 (2012), which she seeks to have retroactively applied to her case on collateral review.

II.

Federal prisoners only have the right to file one motion under § 2255; subsequent § 2255 motions may only be filed by leave of the appropriate circuit court of appeals. *See United States v. McDonald*, 326 F. App'x 880, 883–84 (6th Cir. 2009); 28 U.S.C. § 2244(b)(3)(A) ("before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); 28 U.S.C. § 2255 ("a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals. . . ."). Because Movant has not obtained leave from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion, this Court lacks jurisdiction to entertain this motion.

When a second or successive petition is mistakenly filed in the district court without appellate authorization, the appropriate disposition is to transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631. *Craft v. United States*, 299 F. App'x 507, 509 (6th Cir. 2008); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

**III.**

The Court finds Movant's motion is a second or successive motion under § 2255. Accordingly, the Court will transfer Movant's motion to the Sixth Circuit Court of Appeals.

An order consistent with this opinion will be entered.


Dated: June 13, 2014                              /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE